IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KHATIB M. ABD-RAHMAAN,<br><br>Plaintiff,<br><br>v.<br><br>CELIA WAHIKOA, *et al.*,<br><br>Defendants. | Civil No. 22-00443 LEK-RT<br><br>ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE GRANTED TO AMEND |

### ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE GRANTED TO AMEND

Before the Court is a Prisoner Civil Rights Complaint ("Complaint") filed by pro se Plaintiff Khatib M. Abd-Rahmaan ("Abd-Rahmaan") pursuant to 42 U.S.C. § 1983.[1]  ECF No. 1 at 9.  Abd-Rahmaan alleges that Defendants violated his constitutional rights on a Kauai bus and at the Kauai Community Correctional Center ("KCC"), a state prison facility.[2]  According to Abd-Rahmaan, Defendants

---

[1] Abd-Rahmaan is not currently in custody.  *See* VINE, https://vinelink.vineapps.com/search/HI/Person (select "Name"; enter "Khatib" in "First Name" field and "Abd-Rahmaan" in "Last Name field"; and select "Search") (last viewed on Oct. 26, 2022).

[2] Abd-Rahmaan names as Defendants Kauai Bus executive Celia Wahikoa, Mayor Derek S.K. Kawakami, and former KCCC Warden Neal Wagatsuma.  ECF No. 1 at 1–2.  Abd-Rahmaan mistakenly provides Mayor Kawakami's first name as "Daniel" instead of "Derek."  *Id.* at 1.

infringed on his free exercise rights, denied him medical care, and subjected him to hazardous conditions.

After conducting the screening required by 28 U.S.C. § 1915(e)(2)(B), the Court DISMISSES the Complaint with leave granted to amend. If Abd-Rahmaan wants this action to proceed, he must file an amended pleading that cures the deficiencies in his claims on or before **November 28, 2022**.

## I. STATUTORY SCREENING

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen complaints filed by parties proceeding in forma pauperis. *See Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). Under this screening provision, the Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) incorporates the same standard as a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015). Under this standard, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted). A claim is "plausible"

when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct. *See id.*

During screening, the Court liberally construes pro se litigants' pleadings and resolves all doubts in their favor. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The Court must grant leave to amend if it appears the plaintiff can correct the defects in the complaint. *See Lopez*, 203 F.3d at 1130. When it is clear that a claim cannot be saved by amendment, dismissal with prejudice is appropriate. *See Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013).

## II. ABD-RAHMAAN'S CLAIMS[3]

On the morning of July 10, 2022, Abd-Rahmaan boarded a public bus in Lihue, Kauai. ECF No. 1 at 9. While Abd-Rahmaan was seated on the bus, another passenger stomped on his foot and hit him in the back of the head with a suitcase. *Id.* When Abd-Rahmaan attempted to exit the bus, the passenger blocked his way. *Id.* As Abd-Rahmaan exited the bus, police arrested him for assault. *Id.*

After his arrest, the police took Abd-Rahmaan to the Wilcox Medical Center. *Id.* at 5. Once there, Abd-Rahmaan told hospital staff that he is blind in his left eye, he takes daily prescription medication, he uses glaucoma eye drops, he

---

[3] At screening, Abd-Rahmaan's well-pleaded factual allegations are accepted as true. *See, e.g., Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

is Muslim and eats a pork-free diet, and he needed X-rays and pain medication for the foot that had been stomped on. *Id.*

Abd-Rahmaan was then taken to the KCCC. *Id.* at 6. Abd-Rahmaan told unidentified prison officials that he is Muslim, he requires a clean environment and pork-free diet, he prays five times a day, and he needs Islamic literature. *Id.* According to Abd-Rahmaan, he was "forced to eat pork." *Id.*

While at the KCCC, Abd-Rahmaan was assigned to a housing unit where other inmates obtained drugs from prison officials. *Id.* at 7. In addition, Abd-Rahmaan alleges that there was "asbestos and poor ventilation . . . everywhere" at the KCCC. *Id.*

Abd-Rahmaan signed the Complaint on October 11, 2022, and the Court received and docketed it on the same day. *Id.* at 1. The Court granted Abd-Rahman's Application to Proceed in District Court Without Prepaying Fees or Costs on October 20, 2022. ECF No. 6. In the Complaint, Abd-Rahmaan seeks, among other things, injunctive relief and $40 million in damages. ECF No. 1 at 8.

### III. DISCUSSION

### A. Misjoinder

Abd-Rahmaan names as Defendants Kauai Bus executive Celia Wahikoa, Kauai County Mayor Derek S.K. Kawakami, and former KCCC Warden Neal Wagatsuma. ECF No. 1 at 1–2. Abd-Rahmaan's claims are based on events that allegedly occurred over the course of at least ninety days in 2022, both on a public bus and at the KCCC. *Id.* at 5–10.

Under Federal Rule of Civil Procedure 18(a), governing joinder of claims, a plaintiff may bring multiple claims, related or not, in a lawsuit against a single defendant. To name different defendants in the same lawsuit, however, a plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 20, governing joinder of parties. Rule 20(a)(2) allows joinder of defendants only if the following two requirements are met: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2)(A)–(B); *Stribling v. Tobias*, 690 F. App'x 972, 973 (9th Cir. 2017). Unrelated claims involving different defendants belong in different suits. *See What v. Honolulu Police Dep't*, Civil No. 13-00373 HG-RLP, 2014 WL 176610, at *4–5 (D. Haw. Jan. 13, 2014).

Here, it is unclear why Abd-Rahmaan's claims against Wahikoa, Mayor Kawakami, and Wagatsuma are joined in the same action. Presumably, the alleged events on the public bus have nothing to do with the conditions that Abd-Rahmaan experienced at the KCCC. In addition, Abd-Rahmaan's free exercise, denial of medical care, and conditions of confinement claims cannot be joined in the same action solely because they allegedly occurred at the KCCC. *See Woods v. Curry*, No. C 10-1859 JSW (PR), 2013 WL 12222362, at *1 (N.D. Cal. May 2, 2013) (concluding that prisoner improperly joined claims "based on a wide variety of unrelated events that occurred at his prison"). Thus, these Defendants and Abd-Rahmaan's claims against them are improperly joined in this action.

If unrelated claims are improperly joined, the court may dismiss or sever them without prejudice. *See* Fed. R. Civ. P. 21; 7 Charles Alan Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure § 1684 (3d ed. 2012); *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 682 (6th Cir. 1988) (affirming dismissal of certain defendants under Rule 21 when claims against them did not arise out of the same transaction or occurrences, as required by Rule 20(a)). If the Court decides to "dismiss rather than sever [claims, it] must conduct a prejudice analysis, including 'loss of otherwise timely claims if new suits are blocked by statutes of limitations.'" *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 975 (9th Cir. 2015) (quoting *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846–47 (3d Cir.

2006) (other citation omitted)).  Here, Abd-Rahmaan's claims are all based on events that allegedly occurred in 2022.  Thus, there is little danger that he will be prejudiced by any statute of limitation on these claims.[4]  Abd-Rahmaan's claims are therefore DISMISSED with leave granted to amend.

If Abd-Rahmann decides to file an amended pleading, any claim asserted therein must be permitted by either Rule 18 or Rule 20.  Abd-Rahmaan may state a single claim against a single defendant.  Pursuant to Rule 18, Abd-Rahmaan may then add any additional claims to his action that are against the same defendant.  Fed. R. Civ. P. 18.  Abd-Rahmaan may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim.  Fed. R. Civ. P. 20(a)(2).

Abd-Rahmaan may not pursue a combination of unrelated claims against various defendants in a single suit.  *See Char v. Kaiser Hosp.*, Civ. No. 18-00345 JAO-RLP, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions.").  He may, however, raise any unrelated claims in a separate action or actions.  *See D'Agirbaud v. Kam*, No. 20-00139 JAO-KJM, 2020 WL 3258408, at *5 (D. Haw. June 16, 2020) (explaining that dismissing complaint for misjoinder allowed

---

[4] The two-year "'general' personal injury" limitation period in HRS § 657-7 applies to § 1983 actions in Hawaii.  *Pele Defense Fund v. Paty*, 73 Haw. 578, 597–98, 837 P.2d 1247, 1260 (1992) (emphasis omitted).

plaintiff "to decide which related claims he will pursue in this action, and which claims he will bring in a new action"). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined and, at a minimum, will result in delay in their adjudication. In deciding which claims, if any, Abd-Rahmaan wants to pursue in this action, he should consider the following legal standards.

**B.  Legal Framework for Claims under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976); *May v. Enomoto*, 633 F.2d 165, 167 (9th Cir. 1980). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted). Thus, a plaintiff must allege

8

that he suffered a specific injury because of a particular defendant's conduct and must affirmatively link that injury to the violation of his rights.

## C. Supervisory Liability

Abd-Rahmaan names as Defendants three supervisory officials—that is, Kauai Bus executive Celia Wahikoa, Mayor Derek S.K. Kawakami, and former KCCC Warden Neal Wagatsuma. ECF No. 1 at 1–2.

There is no *respondeat superior* liability under 42 U.S.C. § 1983. *Vazquez v. County of Kern*, 949 F.3d 1153, 1166 (9th Cir. 2020). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

"A supervisory official may be held liable under § 1983 only if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (internal quotation marks and citations omitted). "The requisite causal connection can be established by setting in motion a series of acts by others, or by knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018) (internal

quotation marks and citations omitted). "Thus, a supervisor may be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 798 (9th Cir. 2018) (internal quotation marks and citation omitted). A "claim that a supervisory official knew of unconstitutional conditions and culpable actions of his subordinates but failed to act amounts to acquiescence in the unconstitutional conduct of his subordinates and is sufficient to state a claim of supervisory liability." *Keates*, 883 F.3d at 1243 (internal quotation marks and citation omitted).

Here, Abd-Rahmaan does not allege that Wahikoa, Mayor Kawakami, and former KCCC Warden Wagatsuma were personally involved in a constitutional violation. Nor does he allege any causal connection between their conduct and a constitutional violation. Indeed, Wahikoa, Mayor Kawakami, and Warden Wagatsuma are not even mentioned in Counts I, II, or III. Abd-Rahmaan cannot state a claim against Wahikoa, Mayor Kawakami, or Warden Wagatsuma solely because of their supervisory positions. *See DePaepe v. White*, No. Civ. No. 20-00198 JAO-WRP, 2020 WL 3472907, at *4 (D. Haw. June 24, 2020)

("Supervisory personnel are not liable under § 1983 for the actions of their employees under a theory of vicarious liability[.]").

**D. Eleventh Amendment**

Abd-Rahmaan names as a Defendant a former state official, KCCC Warden Neal Wagatsuma. ECF No. 1 at 2. Abd-Rahmaan seeks both damages and injunctive relief. *Id.* at 8.

"The Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007) (citation omitted); *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101–03 (1984). It does not bar official-capacity suits for prospective relief to enjoin alleged ongoing violations of federal law. *See Wolfson v. Brammer*, 616 F.3d 1045, 1065–66 (9th Cir. 2010); *see also Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n.10 (1989). Nor does it bar suits for damages against state officials in their personal capacities. *See Hafer v. Melo*, 502 U.S. 21, 30–31 (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

To the extent Abd-Rahmaan seeks money damages against Warden Wagatsuma in his official capacity, those claims are barred by the Eleventh Amendment. *See Miguel Saenz v. Dep't of Pub. Safety*, Civil No. 21-00223 DKW-RT, 2021 WL 1950014, at *3 (D. Haw. May 14, 2021) ("[A]ny claims for money

11

damages against [the] Warden . . . in her official capacity are barred by the Eleventh Amendment[.]"). In addition, to the extent that Abd-Raahman seeks injunctive relief based on his experiences at the KCCC, those claims are moot. *See Nelson v. Heiss*, 271 F.3d 891, 897 (9th Cir. 2001) ("It is true that when a prisoner is moved from a prison, his action will usually become moot as to conditions at that particular facility."); *Birdwell v. Beard*, 23 F. App'x 884, 884 (9th Cir. 2015) ("The district court properly concluded that [plaintiff's] claims for injunctive and declaratory relief were moot because after bringing this action, [plaintiff] was transferred to another prison where he is no longer subject to the prison policies he challenges.").

### E. Free Exercise

Abd-Rahmaan alleges that his First Amendment right to the free exercise of religion was violated during his pretrial detention at the KCCC in 2022.[5] ECF No. 1 at 6.

---

[5] To the extent Abd-Rahmaan describes events at the Wilcox Medical Center, ECF No. 1 at 5–6, "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section," *Briley v. State of California*, 564 F.2d 849, 855–56 (9th Cir. 1977). As the Ninth Circuit has stated, "private conduct is not considered government action unless something more is present." *Stratton v. Buck*, 498 F. App'x 674, 675–76 (9th Cir. 2012) (internal quotation marks and citation omitted). "Courts have used four different factors or tests to identify what constitutes 'something more': (1) public function, (2) joint action, (3) governmental compulsion or coercion, and (4) governmental nexus." *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835–36 (9th Cir. 1999) (citations omitted). Here, Abd-Rahmaan does not name any hospital staff as defendants, nor has he plausibly alleged that any conduct by hospital staff was fairly attributable to the state.

Pretrial detainees "retain at least those constitutional rights ... enjoyed by convicted prisoners," including "freedom of . . . religion under the First and Fourteenth Amendments[.]" *Bell v. Wolfish*, 441 U.S. 520, 545 (1979).  Inmates therefore "retain the protections afforded by the First Amendment, 'including its directive that no law shall prohibit the free exercise of religion.'"  *Shakur v Schriro*, 514 F.3d 878, 883–84 (9th Cir. 2008) (quoting *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987)).

To implicate the Free Exercise Clause, a plaintiff must allege that the belief at issue is both "sincerely held" and "rooted in religious belief."  *Walker v. Beard*, 789 F.3d 1125, 1138 (9th Cir. 2015) (internal quotation marks and citation omitted).  Additionally, a plaintiff must allege that prison officials substantially burdened the practice of his religion.  *Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015).  "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* at 1031–32 (citation omitted).

Even when a regulation or practice burdens an inmate's First Amendment rights, it may be upheld if it is reasonably related to a legitimate penological interest.  *Turner v. Safley*, 482 U.S. 78, 89 (1987).  This determination requires courts to consider:  (1) whether there is a valid, rational connection between the

regulation and the legitimate governmental interest; (2) whether there are alternative means of exercising the right that remain open to inmates; (3) the impact accommodation of the right will have on guards and other inmates, and on the allocation of prison resources; and (4) the absence of ready alternatives. *Id.* at 90.

To the extent Abd-Rahmaan alleges that he was "forced to eat pork" at the KCCC, ECF No. 1 at 10, he does not say who forced him to eat pork, when this occurred, or how often it occurred. *See Combs v. Washington*, 660 F. App'x 515, 517 (9th Cir. 2016) (concluding that "sporadic mistakes in . . . food preparation . . . did not rise to the level of a constitutional violation"). Abd-Rahmaan must do more to state a colorable free exercise claim.

**F. Medical Care**

Abd-Rahmaan further alleges that he was denied medical care at the KCCC. ECF No. 1 at 9.

"[C]laims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard." *Gordon v. County of Orange*, 888 F.3d 1118, 1124–25 (9th Cir. 2018). The elements of a pretrial detainee's medical care claim are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2)

those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. *Id.* at 1125. "The mere lack of due care by a state official does not deprive an individual of life, liberty, or property under the Fourteenth Amendment." *Id.* (quotation marks and citation omitted). "Thus, the plaintiff must prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (quotation marks and citation omitted).

To the extent Abd-Rahmaan alleges that he was denied medical care at the KCCC, he does not say who he asked for medical care, what he said to them, or how they responded. Without such information, Abd-Rahmaan's medical care claim cannot proceed.

### G. Conditions of Confinement

Abd-Rahmaan complains about various conditions that he experienced at the KCCC. ECF No. 7. For example, Abd-Rahmaan alleges that there is "asbestos and poor ventilation . . . everywhere" at the KCCC. *Id.*

In general, "under the Due Process Clause, a [pretrial] detainee may not be punished prior to an adjudication of guilt[.]" *Bell v. Wolfish*, 441 U.S. 520, 535

(1979); *Lopez-Valenzuela v. Arpaio*, 770 F.3d 772, 777 (9th Cir. 2014). Thus, "the Due Process Clause protects a detainee from certain conditions and restrictions of pretrial detainment" that "amount to punishment of the detainee." *Bell*, 441 U.S. at 533, 535.

"Not every disability imposed during pretrial detention amounts to 'punishment' in the constitutional sense, however." *Id.* at 537. "The fact that . . . detention interferes with the detainee's understandable desire to live as comfortably as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" *Id.* "

Courts must determine "whether the disability is imposed for the purpose of punishment or whether it is but an incident of some other legitimate governmental purpose." *Id.* at 538. "Absent a showing of an expressed intent to punish . . ., that determination generally will turn on whether an alternative purpose to which the restriction may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned to it." *Id.* (quotation marks, brackets, and citation omitted). "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Id.* "[T]he government has a legitimate interest in 'ensuring a detainee's presence at trial,' 'maintaining jail security,' and in 'the effective management of the detention facility once the

16

individual is confined.'" *Hallstrom v. City of Garden City*, 991 F.2d 1473, 1484–85 (9th Cir. 1993) (quoting *Bell*, 441 U.S. at 540). "Retribution and deterrence are not legitimate nonpunitive governmental objectives." *Bell*, 441 U.S. at 539 n.20.

Here, Abd-Rahmaan does not allege that any prison official intended to punish him. Nor has he plausibly alleged that the conditions he experienced at the KCCC amounted to punishment. His conclusory allegations that asbestos and poor ventilation were "everywhere" at the KCCC are not enough. *See Case v. Hansen*, No. C05-2073-JCC, 2007 WL 1430106, at *8 (W.D. Wash. May 14, 2007) ("[P]laintiff fails to proffer more than conclusory assertions that the conditions in the . . . housing units at issue constitute impermissible punishment of pretrial detainees.").

## IV. <u>**LEAVE TO AMEND**</u>

The Complaint is DISMISSED with leave granted to amend. Abd-Rahmaan may file an amended pleading on or before **November 28, 2022**. Abd-Rahmaan may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the Complaint or why new claims are warranted at the time an amended document is submitted. Claims that are not related or warranted may be subject to dismissal.

Abd-Rahmaan must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii. Local Rule 10.4 requires that an

amended complaint be complete in itself, without reference to any prior pleading. An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure. An amended complaint will supersede the preceding complaint. *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Except with respect to parties and claims dismissed with prejudice in this order, any failure to rename a Defendant or to reassert a claim in an amended complaint may be deemed a voluntary dismissal of that party or claim. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012).

## V. **CONCLUSION**

(1) The Complaint, ECF No. 1, is DISMISSED pursuant to 28 U.S.C. § 1915.

(2) Abd-Rahmaan may amend his pleading, however, by curing the deficiencies in his claims on or before **November 28, 2022**.

(3) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice.

(4) ALTERNATIVELY, Abd-Rahmaan may voluntarily dismiss this action pursuant to Federal Rule of Civil Procedure 41(a)(1).

(5) The Clerk is DIRECTED to send Abd-Rahmaan a blank "Complaint for a Civil Case" form so that he can comply with this order if he elects to file an amended pleading.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, October 27, 2022.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KHATIB M. ABD-RAHMAAN VS. CELIA WAHIKOA, ET AL.; CV 22-00443 LEK-RT; ORDER DISMISSING PRISONER CIVIL RIGHTS COMPLAINT WITH LEAVE GRANTED TO AMEND**